*497 OPINION OF THE COURT
Joseph P. Kuszynski, J.
The recent decision of Sharapata v Town of Islip (56 NY2d 332) has given rise to the motions now before this court. There, the Court of Appeals declared that punitive damages cannot be assessed against the State or its political subdivisions. All municipal defendants, the County of Niagara, City of Niagara Falls and the City School District of Niagara Falls, in the pending “Love Canal” litigation, and the County of Niagara, the Town of Niagara and the Town of Lewiston, defendants in the pending “Bloody Run Creek” litigation, move separately but simultaneously to dismiss all claims and causes of action asserted against them for punitive and exemplary damages.
Involved here are some $13 billion in punitive damage claims in the Marie Buck and 625 other Love Canal actions filed on behalf of 1,429 persons, for personal injuries, commercial business losses and property damages arising from exposure to toxic chemicals buried at the Love Canal site.
In the Armagost and 21 other actions filed on behalf of 43 persons for injuries and property losses allegedly incurred due to exposure to the toxic chemicals buried in the Bloody Run Creek dump, punitive damages are sought in the amount of $291 million.
Counsel representing all Bloody Run Creek and Love Canal litigants, save two, either stipulated to the relief sought in this motion or placed no opposition thereto.
However, in the Love Canal litigation, counsel for plaintiffs, Virginia Lee Bonura, et al., and Patricia Catanese, et al., raised the issue whether Sharapata has prospective application only and should not be retrospectively applied.
Sharapata stands for the proposition that the State has never shed its sovereign immunity against punitive damage claims. Had the Legislature merely amended the law and thereby outlawed punitive claims against public entities, clearly, any retroactive application would be ex post facto. It appears that the law with respect to punitive claims against public corporations has remained static since 1929 when the Court of Claims Act was first enacted. *498 It was not, as one of the moving counsel submits, “a change of decisional law — merely a case of first impression.” (See Sharapata v Town of Islip, supra, p 335.)
The holding is that the waiver of governmental immunity, pursuant to section 8 of the Court of Claims Act, does not extend the waiver of governmental immunity to liability for punitive damages. Therefore, the State of New York, and its political subdivisions as here, the Town of Niagara, the Town of Lewiston, the County of Niagara, the City of Niagara Falls and the School District of Niagara Falls, are not subject to punitive damage demands.
As for the application of Sharapata to the School District of the City of Niagara Falls, a further issue raised by counsel for plaintiffs Bonura and Catanese, the unanimous court wrote (p 338): “public funds [may] not be available, directly or indirectly, for the payment of damages beyond those actually suffered, an approach consistent with the spirit of our State Constitution’s cautions against unwarranted invasion of the public purse (see, e.g., NY Const, art VII, § 8, art VIII, §9 ** *)”.
Nowhere, in the enactment of the waiver of sovereign immunity as effected by section 8 of the Court of Claims Act or in Sharapata, is there any reference, direct or indirect, casting a defendant school district in a different posture from any other political subdivision concerning punitive damage claims. “[T]he twin justifications for punitive damages — punishment and deterrence — are hardly advanced when applied to a governmental unit.” (Sharapata v Town of Islip, supra, p 338.) “Damages awarded for punitive purposes * * * are not sensibly assessed against the governmental entity itself.” (City of Newport v Fact Concerts, 453 US 247, 267.)
Since actions for punitive or exemplary damages cannot be maintained under the law of the State of New York against public entities, partial summary judgment is granted pursuant to CPLR 3212 (subd [e]) dismissing the $13,007,000,000 punitive damage claims asserted against the County of Niagara, City of Niagara Falls and the School District of the City of Niagara Falls in the Love *499 Canal litigation, and the $291,000,000 claims asserted against the County of Niagara, the Town of Lewiston, and the Town of Niagara in the Bloody Run Creek litigation.